**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BLUEFIELD DIVISION**

| | |
|---|---|
| MAYOR REBA HONAKER, ON BEHALF OF THE CITY OF WELCH, | Civil Action No. __1:17-cv-03364__ |
| Plaintiff, | Judge: |
| v. | |
| WEST VIRGINIA BOARD OF PHARMACY, MCKESSON CORPORATION, AMERISOURCEBERGEN DRUG CORPORATION, CARDINAL HEALTH 110, LLC, and HAROLD ANTHONY COFER, Jr., M.D., | |
| Defendants. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants McKesson Corporation, AmerisourceBergen Drug Corporation, and Cardinal Health 110, LLC (collectively, "Removing Defendants") hereby remove this civil action from the Circuit Court of McDowell County, West Virginia, to the United States District Court for the Southern District of West Virginia.  As grounds for removal, Removing Defendants state as follows:

## I.      NATURE OF REMOVED ACTION

1.      On February 13, 2017, Plaintiff Mayor Reba Honaker, on behalf of the City of Welch ("Plaintiff" or the "City of Welch"), filed a Complaint against Removing Defendants and

1

H.D. Smith Wholesale Drug Co. and Harold Anthony Cofer, Jr., M.D. ("Dr. Cofer") in the Circuit Court of McDowell County, West Virginia.  That court assigned the case Civil Action No. 17-C-18-m.

2.      On or about May 19, 2017, Plaintiff amended the Complaint, adding as a defendant the West Virginia Board of Pharmacy ["the Board"] and no longer naming H.D. Smith Wholesale Drug Co.

3.      In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Removing Defendants in the state court action are attached hereto as **Exhibit A**.

4.      This action is one in a series served on three of the Removing Defendants (Defendants McKesson Corporation, AmerisourceBergen Drug Corporation, and Cardinal Health 110, LLC) containing nearly identical allegations.  Accordingly, Removing Defendants have marked this action as "Related" to the nine actions identified in footnote 1 below.[1]

## II.      COMPLIANCE WITH REMOVAL STATUTE

5.      This Notice of Removal ("Notice") is properly filed under 28 U.S.C. § 1441(a) in the United States District Court for the Southern District of West Virginia because McDowell County is located in this federal judicial district and in this division.  This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

---

[1]   *Boone County Commission v. AmerisourceBergen Drug Corporation et al.*, No. 2:17-cv-02028; *Cabell County Commission v. AmerisourceBergen Drug Corporation et al.*, No. 3:17-cv-01665; *The City of Huntington v. AmerisourceBergen Drug Corporation et al.*, No. 3:17-cv-01362; *Fayette County Commission v. Cardinal Health, Inc. et al.*, No. 2:17-cv-01957; *Kanawha County Commission v. Rite Aid of Maryland, Inc. et al.*, No. 2:17-cv-01666; *Logan County Commission v. Cardinal Health, Inc. et al.*, No. 2:17-cv-02296; *The County Commission of McDowell County v. McKesson Corporation et al.*, No. 1:17-cv-00946; *Wayne County Commission v. Rite Aid of Maryland, Inc. et al.*, No. 3:17-cv-01962; *Wyoming County Commission v. AmerisourceBergen Drug Corporation et al.*, No. 5:17-cv-02311.

6.      By agreement with Plaintiff, Removing Defendants accepted service of the

Amended Complaint on May 24, 2017.  In accordance with the requirements of 28 U.S.C.

§ 1446(b), this Notice is timely filed within thirty (30) days after service.  *See Murphy Bros., Inc.*

*v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (holding that 30-day removal

period begins to run upon service of summons and complaint).

7.      Removing Defendants will promptly file a copy of this Notice with the clerk

of the Circuit Court of McDowell County and serve notice of this filing on Plaintiff, as required

by 28 U.S.C. § 1446(d).

8.      Removing Defendants join in this Notice and consent to removal.  28 U.S.C.

§ 1446(b)(2)(A); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013); *Stevens v.*

*Thornsbury*, No. 2:13-cv-31719, 2014 WL 3962478 (S.D.W. Va. Aug. 13, 2014).  As discussed

below, consent by the Board and Dr. Cofer is not required.  *See Fleming v. United Teachers*

*Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 663 (S.D.W. Va. 2003) ("While the general rule requires

all defendants to join in a removal petition, an exception is made in the case of fraudulent

joinder.").  Removing Defendants' Rule 7.1 Disclosure Statements will be filed promptly.

### III.      DIVERSITY JURISDICTION EXISTS

9.      Removal of this case is proper under 28 U.S.C. §§ 1441 and 1332 because

complete diversity exists between Plaintiff and all properly joined defendants.

10.     Plaintiff is a political subdivision of the State of West Virginia, while Removing

Defendants are citizens of states other than West Virginia.  *See* Amend. Compl. ¶¶ 11, 18, 24,

28.  *See S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303

(4th Cir. 2008) ("It is well established that for purposes of diversity jurisdiction . . . an entity

created by the State which functions independently of the State with authority to sue and be sued,

such as . . . a political subdivision of the State, can be a 'citizen' for purposes of diversity

jurisdiction."); *see also Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[I]t is well settled that for purposes of diversity of citizenship, political subdivisions are citizens of their respective States . . . ."). Thus, complete diversity exists between Plaintiff and Removing Defendants.

11. Upon information and belief, Dr. Cofer is a citizen of West Virginia, and the Board is either a citizen of West Virginia or an arm of the State of Virginia without citizenship for purposes of diversity jurisdiction. *See Moor*, 411 U.S. at 717. Their citizenship should be disregarded, however, because they were fraudulently joined solely to defeat diversity. *See Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) ("[T]he fraudulent joinder doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction.'") (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "'Fraudulent joinder' is a term of art, [and] it does not reflect on the integrity of plaintiff or counsel . . . ." *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990).

12. A defendant is fraudulently joined if "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant." *Johnson*, 781 F.3d at 704; *see also Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015) (finding fraudulent joinder because plaintiff cannot succeed in any of his claims against the non-diverse defendants).

13. Under the related doctrine known as procedural misjoinder, "[e]ven assuming plaintiff has a claim" against a non-diverse defendant, the defendant is considered misjoined if "that claim is legally and factually too remote to sustain joinder under either federal or West Virginia law." *Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 412 (S.D.W. Va. 2005); *see also Tapscott v. MSDealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (affirming district

court's decision to sever and remand non-diverse defendants where plaintiffs sued two separate classes of defendants on separate claims such that joinder of both classes was fraudulent and did not defeat diversity jurisdiction); *Hughes v. Sears, Roebuck and Co.*, No. 09-CV-93, 2009 WL 2877424 (N.D.W. Va. Sept. 3, 2009) (severing plaintiff's claims related to misdiagnosis against a doctor from her claims for injuries from a fall against manufacturer and vendor of treadmill because her claims were not part of same transaction or occurrence).  "[T]he issue is whether the joinder of the defendants is permissible or whether that joinder is asserted for the sole purpose of defeating the diverse defendant's right to removal."  *Ashworth*, 395 F. Supp. 2d at 410–11.

14.     To sustain joinder under Rule 20 of the Federal Rules of Civil Procedure, the claims must: (1) arise out of the same transaction or occurrence; *and* (2) involve a question of law or fact common to all defendants.  *Ashworth*, 395 F. Supp. 2d at 411 (citing FED. R. CIV. P. 20; 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1653).  "West Virginia rules regarding permissive joinder are substantially similar to their federal counterparts."  *Grennell v. W. S. Life Ins. Co.*, 298 F. Supp. 2d 390, 397 (S.D.W. Va. 2004).

15.     *First*, the Board is fraudulently joined in this action because "there is *no possibility* that the plaintiff would be able to establish a cause of action against" the Board.  *See Johnson*, 781 F.3d at 704.  Under West Virginia law, the Board, a state agency, has qualified immunity from precisely the kind of claims Plaintiff alleges here.  *See W. Va. Bd. of Educ. v. Marple*, 783 S.E.2d 75, 81 (W. Va. 2015) ("[Qualified immunity] preserves the freedom of the State, its agencies, and its employees to deliberate, act, and carry out their legal responsibilities within the limits of the law and constitution."); *W. Va. Reg. Jail & Correctional Facility Auth. v. A.B.*, 766 S.E.2d 751, 766 (W. Va. 2014); *Clark v. Dunn*, 465 S.E.2d 374, 380–81 (W. Va. 1995) (concluding "the doctrine of qualified or official immunity bars a claim of mere negligence against the Department of Natural Resources, a state agency"); *W. Va. Dep't of Health & Human*

*Res. v. Payne*, 746 S.E.2d 554, 566 n. 29 (W. Va. 2013) (acknowledging qualified immunity of state agencies tasked with licensing responsibilities is necessary because otherwise "such public bodies could be made co-defendants in the majority of tort actions arising from the licensed or permitted private conduct"); *see also Ortega v. Young Again Products, Inc.*, 548 Fed. App. 108, 111 (5th Cir. 2013) (affirming the district court's denial of a motion to remand on the basis that an attorney was fraudulently joined because state law provided qualified immunity for her alleged conduct).[2]

16.     The Complaint asserts claims against the Board with respect to acts or omissions in the scope of the Board's duties as a state agency.  Amend. Compl. ¶¶ 2, 9, 14–17, 108–113, 127–135.  The Complaint does not allege that the Board (or even any of its members) acted other than in good faith and without malice.

17.     Plaintiff's claims are also plainly barred by West Virginia's common-law doctrine of qualified immunity.

18.     The West Virginia Supreme Court of Appeals has consistently held that state agencies and the officials involved are "absolutely" immune from "a cause of action that arises from judicial, legislative, executive or administrative policy-making acts or omissions." *A.B.*, 766 S.E.2d at 766.  Even agency conduct that does not rise to the level of these policy-making functions is still immune if it involves a matter that is left to the agency's discretion, and does not violate "a clearly established statutory or constitutional right of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive." *Marple*, 783 S.E.2d at 84.

---

[2]   Plaintiff has not joined individual Board members, but even if it had, W. Va. Code §30-5-5(o) provides that "[t]he members of the [the Board] when acting in good faith and without malice shall enjoy immunity from individual civil liability while acting within the scope of their duties as board members."

19.     Plaintiff's claims against the Board are clearly barred by qualified immunity because they are based on alleged acts or omissions that involve judicial, legislative, executive, and/or administrative policy making, namely:  the allegedly negligent licensing of distributors and the overseeing and enforcement of Board regulations, *see* Amend. Compl. ¶¶ 63, 109; the allegedly negligent failure to enact regulations, *id.* ¶ 63; and the allegedly negligent failure to investigate "suspicious order" reports or suspicious order detection systems, *id.* ¶¶ 9, 109.

20.     Even if any of Plaintiff's claims against the Board could be characterized as challenging anything other than that agency's policy-making functions, the Board would still be immune from the claims because the claims are all based on conduct within its discretion, rather than on any statutory or regulatory directive that requires it to perform a ministerial act that is "so well prescribed, certain, and imperative that nothing is left to the public official's discretion." *Payne,* 746 S.E.2d at 565 n.26.

21.     The public duty doctrine also protects the Board from claims that it breached a non-discretionary duty owed to the public as a whole.  *See West Virginia State Police v. Hughes*, 796 S.E.2d 193, 199 (W. Va. 2017).  While qualified immunity alone sufficiently protects the Board from suit, the public duty doctrine further affirms that the City of Welch cannot hold the Board liable for allegedly breaching its duty as "guardian and protector of the public."  Amend. Compl. ¶ 2.

22.     Plaintiff also cannot establish its claim against the Board in the City of Welch state action because McDowell County is not a proper venue for that claim.  Claims against a state agency may only be brought in the circuit court of Kanawha County.  *See* W. Va. Code § 14-2-2 ("Any suit in which … a state agency is made a party defendant, except as garnishee or suggestee [ ] shall be brought and prosecuted **only** in the circuit court of **Kanawha County**." (emphasis added)).

23.     While the West Virginia Supreme Court of Appeals has held that this mandatory venue statute does not apply "[w]here a cause of action is, in essence, a suit against a state agency's insurance carrier," *Pittsburgh Elevator Co. v. West Virginia Bd. of Regents*, 310 S.E.2d 675, 689 (W. Va. 1983), this case-law exception does not apply here.  Although plaintiff's damage claim against the Board is limited to its available insurance coverage, Plaintiff also seeks direct, injunctive relief against the Board—namely, preliminary and permanent injunctions that "[m]andate that Defendant BOP timely investigate and resolve suspicious order reports." Amend. Compl. *ad damnum* ¶¶ 3.d., 4.d.  Because Plaintiff's suit is not a mere suit against the Board's insurance carrier, but a suit against the Board that seeks mandatory, coercive injunctions directing the Board to act in a particular way with respect to its official duties and responsibilities as a State agency, the suit falls squarely within the mandatory venue provision of § 14-2-2, and it may be maintained, if at all, only in Kanawha County.

24.     Because plaintiff has no right to maintain the suit it has brought against the Board in the McDowell County Circuit Court, this highlights that the Board is fraudulently joined in this action.

25.     ***Second***, the Board is also fraudulently misjoined in this action because the claims, as pled, do not arise out of the same "act, transaction, or occurrence" as the claims pled against Removing Defendants.  While the Board bears great responsibility for the regulation of prescription medications, Plaintiff does not plead sufficient connection between its allegations against Removing Defendants and its allegations against the Board.

26.     Plaintiff's allegations against Removing Defendants relate to their distributions of certain prescription medications to pharmacies in Welch and the allegation that they did not detect and report suspicious orders.  *See, e.g.*, Amend. Compl. ¶¶ 1, 8, 68, 70–74, 76, 86–88, 114.  The allegations against the Board, by contrast, focus on its alleged negligence as a state

regulatory body in failing to enact, enforce, and oversee regulations concerning diversion of controlled substances by registrants, "including inspections, investigations, follow up or inquiries" of pharmacies that allegedly should have occurred when the Removing Defendants **did** report suspicious orders.  *See*, *e.g., id.* ¶¶ 2, 101–106, 125–129.

27.     For the same reasons, as the Amended Complaint is pled, the Board is not an indispensable party within the meaning of Rule 19 of the Federal Rules of Civil Procedure.  *See Ashworth*, 395 F. Supp. 2d at 411 & n.12.

28.     Thus, "[e]ven assuming plaintiff has a claim" against the Board (which, as set forth above, it does not), "that claim is legally and factually too remote to sustain joinder under either federal or West Virginia law."  *Ashworth*, 395 F. Supp. 2d at 412.  "Rather, the inclusion of non-diverse [the Board] serves to unfairly defeat the diverse defendants' right to have the action against them heard in this court.  Inasmuch as there are no common factual or legal questions governing the claims," this Court should find that the Board "is not properly joined in this action."  *Id.*

29.     ***Third***, there is also "no possibility that the plaintiff would be able to establish a cause of action against" Dr. Cofer.  *See Johnson*, 781 F.3d at 704.

30.     West Virginia's Medical Professional Liability Act ("MPLA") requires plaintiffs, prior to filing an action against a healthcare provider (including physicians), to serve the provider with a pre-suit notice of claim.  W. Va. Code § 55-7B-6 ("At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation.").  Plaintiff has not satisfied this requirement.  *See Motto v. Correctional Med. Servs.*, 2007 WL 2897854, at *5 (S.D.W. Va. Sep. 27, 2007) ("Compliance with W. Va. Code  § 55-7B-6 is mandatory prior to filing suit in federal court.").

31.     *Fourth,* Dr. Cofer is fraudulently misjoined in this action because the claims pled against him do not arise out of the same transaction or occurrence as the claims pled against Removing Defendants, and the respective claims against Dr. Cofer and Removing Defendants do not involve common questions of law or fact.  Plaintiff's allegations against Removing Defendants relate to their alleged noncompliance with statutory requirements to report suspicious orders.  *See, e.g.*, Amend. Compl. ¶¶ 120, 121.  The allegations against Dr. Cofer, by contrast, focus on the number of allegedly improper prescriptions he wrote for individual patients.  *Id.* ¶¶ 146–148.

32.     Plaintiff does not plausibly allege any connection between the alleged wrongful conduct of Dr. Cofer and that of Removing Defendants, and does not plausibly allege contact, communication, assistance, cooperation, or connection of any kind whatsoever between any of the Removing Defendants and Dr. Cofer.  The claims against Dr. Cofer—based on writing prescriptions that were allegedly not for a legitimate purpose—arise out of a different set of legal duties owed by a differently-situated person without sufficient connection to the alleged wrongful acts of the Removing Defendants.

33.     Moreover, the allegations contained in the Complaint are inadequate to factually connect Dr. Cofer to any shared transaction or occurrence with any of the defendants seeking removal.  The claims against Removing Defendants—based on their alleged unlawful distribution of controlled substances to City of Welch pharmacies—have no necessary connection to Dr. Cofer's allegedly wrongful conduct.

34.     While this lack of a shared transaction or occurrence alone defeats joinder of these claims, the claims also lack any common question of law or fact.

35.     The claims against these two defendant groups involve fundamentally different questions of law.  Plaintiff's allegations against Removing Defendants require the Court to

10

decide whether distributors of controlled substances have a legal duty not to ship "excessive" amounts of prescription drugs to duly-licensed pharmacies in the City of Welch.  Plaintiff states claims against "McKesson, Amerisource, and Cardinal" in Counts I, V, and VI (incorrectly numbered as a second Count V).  In contrast, Plaintiff's claims against Dr. Cofer are based on a doctor's legal duty under West Virginia law not to write prescriptions without a legitimate medical purpose or whose purpose was obviously fraudulent.  Plaintiff separately states claims against Dr. Cofer in Counts III and IV.  These are distinct alleged duties resting on distinct provisions of West Virginia law.[3]

36.     As established above, the Amended Complaint also fails to plausibly assert any factual connection between Dr. Cofer and Removing Defendants, and therefore there are no common questions of fact.

37.     For the same reasons, as the Amended Complaint is pled, Dr. Cofer is not an indispensable party within the meaning of Rule 19 of the Federal Rules of Civil Procedure.  *See Ashworth*, 395 F. Supp. 2d at 411 & n.12.

38.     Even if there is a claim against Dr. Cofer, the claim is legally and factually too remote to sustain joinder and serves only to defeat the diverse defendant's right to have the action heard in federal court.  As such, the Court should find Dr. Cofer is not properly joined.  *See Ashworth*, 395 F. Supp. 2d at 412

---

[3]   While Count VII (incorrectly numbered as Count VI), claiming public nuisance, is stated against "Defendants," this Count is derivative of the distinct wrongs separately alleged against Removing Defendants and other defendants, respectively.  Like the rest of the Complaint, this Count fails to allege any connection whatsoever between the Dr. Cofer and Removing Defendants.

39.     Accordingly, assuming a cause of action can be sustained against the Board or Dr. Cofer, the appropriate course of action is to sever the claims against them and remand those claims to state court.  *See id.*

40.     This Court has diversity jurisdiction under 28 U.S.C. § 1332 because, once the presumed West Virginia citizenships of the fraudulently joined Dr. Cofer and Board are disregarded, this civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000.

41.     With respect to the matter in controversy, Plaintiff seeks damages for "money expended on law enforcement, prosecutions, emergency response services, public utilities, nuisance abatement, property damage repair, and code enforcement, among others."  Amend. Compl. ¶ 124.  Plaintiff additionally seeks damages for "lost business and occupation tax revenue" and "direct and indirect costs as a result of workplace accidents, absenteeism, and decreased productivity . . ." Amend. Compl. ¶ 170.  Plaintiff also seeks "restitution and disgorgement" and punitive damages. Amended Compl. *ad damnum* ¶¶ 5, 6.  These allegations of serious and ongoing injury demonstrate why the "amount in controversy [plausibly] exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

42.     Because Plaintiff's claims are within this Court's original jurisdiction under 28 U.S.C. § 1332 and because the Removing Defendants are not citizens of West Virginia, this case is removable to this Court under 28 U.S.C. § 1441(b).

43.     Removing Defendants file this Notice without waiving any defenses to the claims asserted by Plaintiff.

WHEREFORE, Removing Defendants remove this action, now pending in the Circuit Court of McDowell County, West Virginia as Civil Action No. 17-C-18-m, to the Southern District of West Virginia, and request that it be treated as related to Civil Action No. 1:17-cv-00946, currently pending in this District in the Bluefield Division.

Dated this the 22nd day of June, 2017.

Respectfully submitted,


**CARDINAL HEALTH 110, LLC**

**By Counsel,**


/s/ Brian A. Glasser
_____

Brian A. Glasser (WVSB #6597)
bglasser@baileyglasser.com
Steven R. Ruby (WVSB #10752)
sruby@baileyglasser.com
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
Telephone:  (304) 345-6555
Facsimile:  (304) 342-1110


Enu Mainigi (*pro hac vice* application to
be filed)
emainigi@wc.com
F. Lane Heard (*pro hac vice* application to
be filed)
lheard@wc.com
Steven M. Pyser (*pro hac vice* application
to be filed)
spyser@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029


*Counsel for Cardinal Health 110, LLC*

**AMERISOURCEBERGEN DRUG CORPORATION**

**By Counsel,**



/s/ A. L. Emch
_____

A. L. Emch (WVSB #1125)
aemch@jacksonkelly.com
Adam J. Schwendeman (WV SB# 11989)
aschwendeman@jacksonkelly.com
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
P.O Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1000
Facsimile: (304) 340-1130

And

Meredith S. Auten, Esquire (*pro hac vice*
application to be filed)
meredith.auten@morganlewis.com
Eric W. Sitarchuk, Esquire (*pro hac vice*
application to be filed)
eric.sitarchuk@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

*Counsel for AmerisourceBergen Drug
Corporation*

**McKESSON CORPORATION**

**By Counsel,**

/s/Jeffrey M. Wakefield
Jeffrey M. Wakefield (WVSB #3894)
jwakefield@flahertylegal.com
Jason L. Holliday (WVSB #12749)
jholliday@flahertylegal.com
FLAHERTY SENSABAUGH BONASSO,
PLLC
200 Capitol Street
Charleston, WV  25301
Telephone: (304) 345-0200
Facsimile:  (304) 345-0260

And

Geoffrey Hobart (*Pro hac vice* application to
be filed)
ghobart@cov.com
Matthew Benov (*Pro hac vice* application to
be filed)
mbenov@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: (202) 662-6000

*Counsel for McKesson Corporation*

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant Cardinal Health 110, LLC, hereby certifies that on June 22, 2017, he caused the foregoing document to be served on the following counsel and parties via First Class U.S. Mail, postage prepaid, and/or the CM/ECF system for the Southern District of West Virginia.

H. Truman Chafin
Letitia N. Chafin
The Chafin Law Firm, PLLC
P. O. Box 1799
Williamson, WV 25661

Mark E. Troy
Troy Law Firm, PLLC
222 Capitol Street, Suite 200A
Charleston, WV 25301

Harry F. Bell, Jr.
The Bell Law Firm, PLLC
P. O. Box 1723
30 Capitol Street
Charleston, WV 25326-1723

John Yanchunis (*pro hac vice to be filed*)
Patrick Barthle (*pro hac vice to be filed*)
Morgan & Morgan Complex Litigation Group
201 N. Franklin Street, 7th Floor
Tampa, FL 33602

James Young (*pro hac vice to be filed*)
Morgan & Morgan Complex Litigation Group
76 S. Laura Street, Suite 1100
Jacksonville, FL 32202

Enu Mainigi (visiting attorney)
F. Lane Heard (visiting attorney)
Steven M. Pyser (visiting attorney)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005

Jeffrey M. Wakefield (WVSB #3894)
FLAHERTY SENSABAUGH BONASSO PLLC
P. O. Box 3843
Charleston, WV  25338-3843

Alvin L. Emch, Esquire
Adam J. Schwendeman
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322

Thomas J. Hurney, Jr.
JACKSON KELLY
P. O. Box 553
Charleston, WV 25322-0553

Laurie K. Miller
JACKSON KELLY
P. O. Box 553
Charleston, WV 25322-0553

West Virginia Board of Pharmacy
c/o David Potters
2310 Kanawha Blvd., East
Charleston, WV 25311


 /s/ *Brian A. Glasser*
Brian A. Glasser